**Sergio RAMOS VICENTE; Elvira Lopez Sanchez, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–75737.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 13, 2009.*

Filed Oct. 21, 2009.

Sergio Ramos Vicente, Santa Ana, CA, pro se.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

### MEMORANDUM \*\*

Sergio Ramos Vicente and his wife Elvira Lopez Sanchez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), and review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen because it considered the new evidence regarding the hardship to petitioners' United States Citizen daughter and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

The evidence petitioners presented with their motion to reopen regarding the Ramos Vicente's eye condition concerned the same basic hardship ground previously considered by the agency in connection with the denial of cancellation of removal, we lack jurisdiction to review this aspect of the denial of the motion to reopen. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006).

To the extent petitioners contend that they were prejudiced because the BIA failed to consider some or all of the evidence they submitted with the motion to reopen, they have not overcome the presumption that the BIA did review the record. *See Fernandez*, 439 F.3d at 603.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

